Randall G. Nelson
Thomas C. Bancroft
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
rgnelson@nelsonlawmontana.com
tbancroft@nelsonlawmontana.com
Attorneys for City of Livingston and Dale Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN; ROBIN LARSON, and K.O., a minor child; by and through Personal Representative Robin Larson<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana; KEVIN ENGLE; ANDREW EMANUEL; DALE JOHNSON; and JOHN DOES 1-10,<br><br>Defendants. | Cause No. CV-18-106-BLG-SPW-TJC<br><br><br><br><br><br>**AMENDED ANSWER OF CITY OF LIVINGSTON AND DALE JOHNSON AND JURY TRIAL DEMAND** |

Defendants, City of Livingston and Dale Johnson, by and through their attorneys, Nelson Law Firm, P.C., for their Answer to the Complaint state and allege as follows:

1. Paragraphs 1, 3, 13, 33, 40, 48, 55, and 60 require no response.

2. Admit the allegations of paragraphs 2, 6, 7, 8, 9, 19, 25, 26, and 41.

3. Based upon information and belief, admit the allegations contained in

paragraphs 4 and 5.

    4.    Deny the allegations of paragraphs 11, 12, 14, 18, 20, 21, 22, 23, 27, 34, 35, 36, 37, 38, 39, 46, 47, 49, 50, 51, 52, 53, 54, 57, 59, 61, 62, 63, and 64.

    5.    Regarding paragraph 10, these Defendants are not aware of the identities of the John Doe Defendants, so deny the allegation.

    6.    Regarding paragraphs 15, 16, and 17 admit only that, on the night of January 2, 2016, Engle and Emanuel were dispatched to the Livingston Shopko store, where a person matching O'Brien's description had reportedly threatened to shoot people, that the suspect was reportedly hiding in some bushes outside the store, that Engle arrived, that Engle saw O'Brien emerge from bushes near the building, that Engle exited his vehicle, and that Engle drew his Taser, denying all other allegations.

    7.    Regarding paragraph 24, admit that Engle fired his weapon at O'Brien and that bullets fired from his gun struck O'Brien, denying all other allegations.

    8.    Paragraphs 28, 29, 30, 31, and 32 are directed at other parties and require no response from these Defendants.

    9.    Paragraphs 42, 43, 44, and 45 present legal conclusions and questions of law to be determined by the Court, to which no answer is required.  To the extent that a response is required, these Defendants deny the allegations of those paragraphs.

    10.    These Defendants are without knowledge or information sufficient to

form a belief as to the allegations made in paragraphs 56 and 58 and for that reason deny the allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the applicable statute(s) of limitation.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by Sean Patrick O'Brien's comparative negligence, pursuant to Mont. Code Ann. § 27-1-702.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Dale Johnson is immune from suit by virtue of the doctrine of qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

The amount of force used by Defendants Engle and Emanuel was objectively reasonable, necessary, and proper to protect themselves and to carry out the lawful discharge of their official duties.

## SIXTH AFFIRMATIVE DEFENSE

The force used against Sean Patrick O'Brien was the result of his own behavior.

## SEVENTH AFFIRMATIVE DEFENSE

These Defendants deny all allegations contained in the Complaint not specifically admitted herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff did not survive an appreciable length of time in order to assert a survivorship claim.

## NINTH AFFIRMATIVE DEFENSE

Discovery has not yet been conducted in this case and these Defendants therefore reserve the right to amend their Answer to add additional defenses, allegations, cross-claims, counterclaims and third-party claims as discovery proceeds and is completed.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

At the time of filing this Answer, these Defendants are not certain what affirmative defenses may be applicable should this case go to trial.  Discovery in this case, trial preparation, and facts brought out during discovery may make some of the affirmative defenses applicable and others not, and thus, they are raised in the Answer so as not to be waived.  At the appropriate time, these Defendants will dismiss any affirmative defenses which do not appear to be reasonably supported by the facts and the law (if any).  The purpose of raising these affirmative defenses is not to create defenses where none exist, but rather, to recognize that the pleadings, discovery, and trial preparations necessitate an examination and evaluation of evolving facts and law, and the decision maker should have available for consideration all defenses which may apply.

WHEREFORE, these Defendants pray as follows:

1. That Plaintiffs take nothing by way of their Complaint;

2. For judgment in favor of Defendants and against Plaintiffs;

3. For costs of suit and attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

These Defendants hereby demand trial by jury of all issues so triable herein.

DATED this 16th day of August, 2018.

/s/ Thomas C. Bancroft
Thomas C. Bancroft
NELSON LAW FIRM, P.C.
ATTORNEYS FOR CITY OF
LIVINGSTON AND DALE JOHNSON