IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



MAR 1 0 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN, ROBIN LARSON, and K.O., a minor child, by and through Personal Representative Robin Larson,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana, KEVIN ENGLE, ANDREW EMANUEL, DALE JOHNSON, and JOHN DOES 1-10,<br><br>Defendants. | CV 18-106-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Cavan's findings and recommendation issued January 22, 2020. (Doc. 56). Judge Cavan recommends the Court grant Defendant Kevin Engle's and Andrew Emanuel's motion for summary judgment on the issue of qualified immunity (Doc. 23), and for partial summary judgment on the issue of Plaintiff Robin Larson's loss of consortium claim (Doc. 40).

I. **Standard of review**

The Plaintiffs' filed timely objections to the findings and recommendation. (Doc. 57). The Plaintiffs are entitled to de novo review of those portions of Judge

1

Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## II. Judge Cavan's recommendations

Judge Cavan recommends granting the Defendants' motion for summary judgment on the issue of qualified immunity because the right the Defendants allegedly violated was not clearly established. Judge Cavan also recommends granting the Defendants' motion for summary judgment on the issue of immunity from some of the Plaintiffs' state law claims because Montana Code Annotated § 2-9-305(5) bars suit against a government employee who acted within the scope of his or her employment when the government employer is also sued.

Judge Cavan finally recommends granting the Defendants' motion for summary judgment on the issue of Plaintiff Robin Larson's loss of consortium claim.

## III. The Plaintiffs' objections

### A. Hearsay objection

The Plaintiffs preliminarily object to the use of the dispatcher's statements to Engle and Emanuel as hearsay. The dispatcher's statements were introduced through affidavits by Engle and Emanuel (and also as an audio exhibit). Judge Cavan recommended the dispatcher's statements were not hearsay because they were not being used for the truth of the matter asserted, but instead being used to

2

provide context for the situation the officers believed they were responding to. The Court agrees with Judge Cavan in full. The Court adds additionally that the evidence presented at the summary judgment stage does not need to be in a form admissible at trial, so long as the facts are provable through admissible evidence. *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (2010). As the Plaintiffs concede, the dispatcher's statements could be admitted at trial without concerning the rule against hearsay.

## B. Qualified immunity

To determine whether an officer is entitled to qualified immunity, a court must evaluate two independent questions: (1) whether the officer's conduct violated a constitutional right, and (2) whether that right was clearly established at the time of the incident. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016). The Court has discretion to decide which of the two prongs of the qualified immunity analysis should be addressed first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Judge Cavan recommended the Court find the Plaintiffs had not carried their burden to show the right was clearly established. The Plaintiffs argue Judge Cavan erred because disputed issues of fact preclude the Court from finding the right was not clearly established. The Plaintiffs contend it's disputed whether Sean O'Brien posed a threat, such as whether he was charging the officers or

3

whether he was attempting to run around them. The Plaintiffs urge the Court to allow a jury to resolve the disputed issues of fact before the Court determines whether the right was clearly established.

The problem with the Plaintiffs' argument is that even assuming the jury found facts in their favor, the Court cannot conclude as a matter of law that the right was clearly established.

Whether the use of deadly force at a particular moment is reasonable depends primarily on an objective assessment of the danger a suspect poses at that moment. *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004). The assessment must be made from the perspective of a reasonable officer in the defendant's position. *Brosseau*, 543 U.S. at 197. The Court should give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The reasonableness determination must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Graham*, 490 U.S. at 396-397. Where an officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer

or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. *Tennessee v. Garner*, 471 U.S. 1, 7 (1985).

A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citation omitted). Stated differently, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Anderson v. Creighton*, 483 U.S. 635, 640 (1986). Thus, even assuming a jury found the facts as the Plaintiffs suggest, to conclude the right was clearly established, the Court would have to determine no reasonable officer could have thought he had probable cause that O'Brien posed a threat of serious physical harm to the officer or to others. The Court cannot make that determination here.

When O'Brien was shot, the officers knew (1) dispatch reported a man matching O'Brien's description and location had told Shopko employees to call the police because he was going to shoot someone, (2) dispatch reported the man had his hand inside his jacket like he was holding something when he made the threat, (3) when Engle responded to the scene, O'Brien was outside Shopko holding a utility knife with the blade closed, (4) Engle told O'Brien to stop and O'Brien responded "fuck you," (5) Engle became concerned for his safety and tased O'Brien, (6) the taser was ineffective against O'Brien, (7) Engle commanded

5

O'Brien to stop and get on the ground, (8) O'Brien ran away from Engle, (9) Engle attempted to tase O'Brien again and again it was ineffective, (10) Engle commanded O'Brien to get on the ground, (11) O'Brien turned to Engle and squared up to him, continuing to say "fuck you," (12), O'Brien made two feints towards Engle, (13) Engle backed up and again commanded O'Brien to get on the ground, (14) Emanuel arrived on scene, (15) O'Brien continued to say "fuck you," and walked towards Engle, (16) Engle backed away from O'Brien, (17) Engle commanded O'Brien to show his hands and drop the knife, (18) O'Brien did not comply, switched the knife to his other hand, and reached into his jacket with his right hand, (19) O'Brien continued to move toward Engle and Engle continued to command O'Brien drop the knife and show his hands, (20) O'Brien pulled his hand out of his jacket and started running in the direction of Engle with the knife still in his hand, (21) Engle and Emmanuel shot O'Brien while he was around ten feet away from Engle.

It is plausible a jury could view the video of the shooting, decide O'Brien was attempting to run around Engle when the officers shot him, and conclude the officers acted unreasonably in doing so. But the Court cannot go one step further and say no officer could have believed it was reasonable to shoot O'Brien under the circumstances. The officers had information O'Brien had threatened to shoot someone while holding his hand inside his jacket, O'Brien disregarded repeated

6

commands to stop and drop the knife, O'Brien instead repeatedly said "fuck you," O'Brien squared up to Engle and made two feints towards him, and O'Brien reached into his coat for something moments before running in Engle's direction with the knife still in his hand. Even if Engle and Emanuel were ultimately incorrect in their belief, it was not unreasonable for them to believe they had probable cause O'Brien posed a serious safety risk to them and the public. They are therefore entitled to qualified immunity and the Plaintiffs' objections are overruled.

### C. Immunity from state law claims

Judge Cavan recommended Montana Code Annotated § 2-9-205(5) barred counts III-VI of the complaint against Engle and Emanuel. The Plaintiffs object, arguing the statute does not provide immunity from suit. The Court has reviewed the cases cited by Judge Cavan and the Plaintiffs and agrees with Judge Cavan in full. The Montana Supreme Court has clearly articulated the statute bars Counts III-VI against Engle and Emanuel.

### D. Motion for partial summary judgment

Judge Cavan recommended the Court grant summary judgment in favor of Engle and Emanuel on the issue of Plaintiff Robin Larson's loss of consortium claim. The Plaintiffs do not object.

## IV. Conclusion and order

7

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 56) are adopted in full;

2. The Plaintiffs' objections (Doc. 57) are overruled;

3. Engle and Emanuel's motion for summary judgment (Doc. 23) on the issue of qualified immunity is granted;

4. Engle and Emanuel's motion for summary judgment (Doc. 23) on the issue of immunity from Counts III-VI is granted;

5. Engle and Emanuel's motion for partial summary judgment (Doc. 40) on the issue of Plaintiff Robin Larson's claim for loss of consortium is granted.

DATED this 10th day of March, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge