IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN, ROBIN LARSON, and ESTATE OF KEELIN O'BRIEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana, KEVIN ENGLE, ANDREW EMANUEL, DALE JOHNSON, and JOHN DOES 1-10,<br><br>Defendants. | CV 18-106-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiffs, the Estate of Sean Patrick O'Brien, the Estate of Keelin O'Brien, and Robin Larson (collectively, "Plaintiffs"), bring this action alleging claims under 42 U.S.C. § 1983 and Montana law after the decedent, Sean Patrick O'Brien ("O'Brien") was shot and killed by Livingston Police Officers Kevin Engle ("Engle") and Andrew Emanuel ("Emanuel"). Plaintiffs have asserted claims against Engle, Emanuel, the City of Livingston (the "City"), and Chief of Police, Dale Johnson ("Johnson").

Presently before the Court is the City and Johnson's Motion for Summary Judgment as to all claims. (Doc. 44.) The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the

1

Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** the motion be **GRANTED in part** and **DENIED in part**.

## I. LEGAL STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## II. ANALYSIS

The Court previously set forth the factual background in this case at length in its January 22, 2020 Findings and Recommendation. (*See* Doc. 56.) The Court presumes familiarity with the basic factual background.

In their Complaint, Plaintiffs have asserted a §1983 claim against Engle and Emanuel based on alleged "unreasonable seizure, excessive and unreasonable

force" in violation of the Constitution (Count I); a § 1983 *Monell*[1] claim against the City and Johnson alleging unconstitutional "customs, policies, practices and procedures," and failing to properly screen, train, and supervise Engle and Emanuel (Count II); a negligence claim against all defendants, alleging negligent use of excessive force by Engle and Emanuel, and negligent training, supervision, and failure to adopt appropriate policies and procedures by the City and Johnson (Count III); claims for survival and wrongful death damages (Count IV and V); and an assault and battery claim against all defendants (Count VI).

The Court previously entered summary judgment in favor of Engle and Emanuel. (Doc. 59.) The Court found that the officers were protected by qualified immunity for the Plaintiffs' § 1983 claim in Count I. (*Id.* at 7.) In addition, the Court found that they had immunity from the remaining state tort claims in Counts III through VI under Mont Code Ann. § 12-9-305(5), based upon the City's acknowledgment that Engle and Emanuel were acting in the course and scope of their employment. *(Id.)*

The City and Johnson now move for "summary judgment on all Plaintiffs' claims asserted against them." (Doc. 44 at 1.) They argue the *Monell* claim in Count II fails as a matter of law because: (1) no civil rights violation occurred; and (2) even if there was a constitutional violation, Plaintiffs have failed to provide

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

sufficient evidence to support a claim under any of the avenues to municipal liability.  The City and Johnson also contend the negligence claim in Count III, based on negligent hiring and supervision and negligent adoption and/or enforcement of policies, fails because: (1) Plaintiffs have not pointed to anything in Engle or Emanuel's backgrounds or disciplinary records that would indicate they were unfit either prior to or during their employment with the City; (2) neither the City nor Johnson owed a duty to O'Brien to adopt and enforce proper policies; and (3) Plaintiffs have not produced any evidence to show the Livingston Police Department's policies were unconstitutional or were not enforced.  Finally, the City and Johnson argue the assault and battery claim in Count VI is barred by the statute of limitations.

In response, Plaintiffs concede that there is no basis for *Monell* liability or the negligence claims against the City or Johnson based on negligent hiring and supervision and negligent adoption and/or enforcement of policies.  They further concede that the assault and battery claim is time barred.

Plaintiffs argue, however, that Engle and Emanuel are not entitled to qualified immunity as to the § 1983 claim in Count I.  They further contend that the negligence claim asserted against Engle and Emanuel based upon their negligent use of force is still viable.  As such, Plaintiffs assert summary judgment for the City on those claims is not appropriate based on the City's duty to defend

and indemnify the officers for their wrongful and/or negligent acts committed in the course and scope of their employment.

In light of Plaintiffs' concession that there is no basis for the *Monell* claim in Count II, and that the assault and battery claim in Count VI is barred by the statute of limitations, summary judgment should be granted in favor of the City and Johnson as to those counts. In addition, since the Plaintiffs concede there is no basis for the portion of the negligence claims in Count 3 based on negligent hiring and supervision and negligent adoption and/or enforcement of policies, partial summary judgment should be granted in favor of the City and Johnson as to those claims in Count III. That leaves the City's alleged liability for the § 1983 claim asserted against Engle and Emanuel in Count I, the negligence claim asserted against Engle and Emanuel in Count III, and the corresponding claims for survival and wrongful death damages in Counts IV and V.

As to Plaintiffs' claim that the City remains liable for the § 1983 claims in Count I, that argument is foreclosed by the Court's order granting summary judgment in favor of Engle and Emanuel. As noted above, this Court previously determined Engle and Emanuel were entitled to qualified immunity on that claim. (Doc. 56 at 11-22.) Judge Watters adopted the Court's recommendation on March 10, 2020. (Doc. 59.) Judge Watters specifically found there were no disputed issues of material fact that would preclude summary judgment on the § 1983 claim

against the officers. (*Id.* at 3-7.) As such, the §1983 claims against Engle and Emanuel were dismissed, and the City has no liability under that claim.

As to the Plaintiffs' negligence claim in Count III, however, no summary judgment motion has been submitted – and no determination on the merits has been made – as to that portion of the claim asserted against Engle and Emanuel. As noted above, summary judgment was entered in favor of Engle and Emanuel on the claim under Mont. Code Ann. § 2-9-305(5). That section provides for immunity to government employees where the plaintiff (1) names a governmental entity as a defendant, and (2) the governmental entity has acknowledged that the employee's conduct upon which the claim was brought arose out of the course and scope of his employment. Here, the City is a named defendant, and the City has acknowledged that Engle and Emanuel were acting in the course and scope of their employment. The City has also agreed to defend and indemnify the officers for all claims, including the negligence claim. (Doc. 26 at ¶ 8.) Accordingly, the Court found that Engle and Emanuel are immune from the Plaintiffs' negligence claim under § 2-9-305(5). Nevertheless, the City remains liable for the torts of its employees acting within the scope of their employment or duties. Mont. Code Ann. § 2-9-102; *State of Montana v. District Court of the Thirteenth Judicial District*, 550 P.2d 382, 384-85 (Mont. 1976) (city is liable for the negligence of its police officers). The City did not address this negligence claim in its motion for

summary judgment.  Summary judgment for the City is, therefore, not appropriate as to the Plaintiffs' negligence claim against Engle and Emanuel in Count III, and their corresponding claims for survival and wrongful death damages in Counts IV and V.

Johnson, in his personal capacity, has no similar personal liability for the torts of the City's employees, and has no duty to defend or indemnify.  Summary judgment in his favor is, therefore, appropriate as to all remaining claims in the Complaint.

Accordingly, summary judgment should be granted in favor of Johnson as to all counts in Plaintiffs' Complaint; the City should be granted summary judgment on Counts II and VI in their entirety, and on Count III to the extent it is based on negligent hiring and supervision and negligent adoption and/or enforcement of policies.  Summary judgment for the City should be denied with respect to Plaintiffs' negligence claim in Count III pertaining the conduct of Engle and Emanuel, and Plaintiffs' claims for damages for wrongful death and survival in Counts IV and V.

### III. CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** the City and Johnson's Motion for Summary Judgment (Doc. 44) be **GRANTED in part** and **DENIED in part** as follows:

1. Summary judgment should be granted in favor of Johnson as to all claims in Plaintiffs' Complaint;

2. Summary Judgment should be granted in favor of the City as to Counts I, II and VI, and as to Count III to the extent it is based on negligent hiring and supervision and negligent adoption and/or enforcement of policies; and

3. Summary Judgment should be denied as to the negligence claim in Count III based on the conduct of Engle and Emanuel, and Plaintiffs' claims for survival and wrongful death in Counts IV and V.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 12th day of May, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge