

FILED

JUN 16 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN, ROBIN LARSON, and K.O., a minor child, by and through Personal Representative Robin Larson,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana, KEVIN ENGLE, ANDREW EMANUEL, DALE JOHNSON, and JOHN DOES 1-10,<br><br>Defendants. | CV 18-106-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Cavan's findings and recommendation issued May 12, 2020. (Doc. 64). Judge Cavan recommends the Court grant in part and deny in part Defendant City of Livingston's and Defendant Dale Johnson's motion for summary judgment.

I.  **Standard of review**

The Plaintiffs' filed a timely objection to the findings and recommendation. (Doc. 65). The Plaintiffs are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). All other portions of Judge Cavan's findings and recommendation are subject to clear error review. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## II. Judge Cavan's recommendations

Judge Cavan recommended the Court grant summary judgment in favor of Defendant Dale Johnson on all claims; grant summary judgment in favor of Defendant City of Livingston as to Counts I, II, and VI, and as to Count III to the extent it is based on negligent hiring and supervision and negligent adoption and/or enforcement of policies; deny Defendant City of Livingston summary judgment as to Count III to the extent it is based on the negligent conduct of Defendants Kevin Engle and Andrew Emanuel; and deny Defendant City of Livingston summary judgment as to Counts IV and V.

## III. The Plaintiffs' objection

The Plaintiffs make a lone objection: "To the extent the Findings and Recommendation state that if Engle and Emanuel are found to be entitled to qualified immunity, the City does not have to defend and indemnify them for civil rights violations, the Plaintiffs object. The Plaintiffs maintain, as articulated in prior briefing, that the City has a duty to defend and indemnify Engle and Emanuel for any and all tortious conduct *or civil rights violations* for which they are found to be liable at trial." (Doc. 65 at 1-2) (emphasis original).

The Court overrules the Plaintiffs' objection. Engle and Emanuel cannot be found liable for a civil rights violation at trial because the Court previously granted them qualified immunity from § 1983 liability. (Doc. 59).

## IV. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 64) are adopted in full;

2. The Plaintiffs' objection (Doc. 65) is overruled;

3. Defendant City of Livingston's and Defendant Dale Johnson's motion for summary judgment (Doc. 44) is granted in part and denied in part. Summary judgment is granted in favor of Defendant Dale Johnson on all claims; summary judgment is granted in favor of Defendant City of Livingston as to Counts I, II, and VI, and as to Count III to the extent it is based on negligent hiring and supervision and negligent adoption and/or enforcement of policies; summary judgment is denied to Defendant City of Livingston as to Count III to the extent it is based on the negligent conduct of Defendants Kevin Engle and Andrew Emanuel; and summary judgment is denied to Defendant City of Livingston as to Counts IV and V.

DATED this 16th day of June, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge