IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN, ROBIN LARSON, and THE ESTATE OF KEELIN O'BRIEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana, KEVIN ENGLE, ANDREW EMANUEL, DALE JOHNSON, and JOHN DOES 1-10,<br><br>Defendants. | CV 18-106-BLG-TJC<br><br>**ORDER** |

Plaintiffs, the Estate of Sean Patrick O'Brien, Robin Larson, and the Estate of Keelin O'Brien (collectively, "Plaintiffs"), bring this action alleging claims under 42 U.S.C. § 1983 and under Montana law for wrongful death and survivorship after the decedent, Sean Patrick O'Brien ("O'Brien") was shot and killed by Livingston Police Officers Kevin Engle ("Engle") and Andrew Emanuel ("Emanuel"). The only causes of action remaining before the Court are Plaintiffs' claims against the City of Livingston in Count III (negligence based on the conduct of Engle and Emanuel), Count IV (survivorship) and Count V (wrongful death). (Docs. 59, 66.)

1

Presently before the Court are Defendant City of Livingston's Motions in Limine (Doc. 81) and Plaintiffs' Motion in Limine and to Bifurcate (Doc. 83).

## I. LEGAL STANDARD

Motions in limine are procedural devices that may be used to exclude anticipated inadmissible or prejudicial evidence before it is actually offered at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Motions in limine, however, do "not lie to exclude broad categories of evidence." *Acad. of Motion Picture Arts & Scis. v. Godaddy.com, Inc.*, 2015 WL 12697750, *2 (C.D. Cal. Apr. 10, 2015). Rather, motions in limine must specifically "identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, 2010 WL 2035800, *1 (C.D. Cal. May 19, 2010). See also *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.").

"A party cannot use a motion in limine to sterilize the other party's presentation of the case." *Johnson v. Gen. Mills Inc.*, 2012 WL 13015023, *1 (C.D. Cal. May 7, 2012). Motions in limine also should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D. D.C. 2008). To exclude evidence on a motion in limine, the evidence

must be "clearly inadmissible on all potential grounds." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. K-Mart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

## II.     DEFENDANT'S MOTIONS IN LIMINE

Defendant moves to exclude any evidence, testimony or argument regarding: (1) reference to any Defendant's insurance status; and (2) O'Brien's non-party biological son. (Doc. 81.) Plaintiffs oppose the motion. (Doc. 87.)

### A.     Insurance

Defendant argues any evidence regarding whether it is insured against liability should be excluded as irrelevant and/or unduly prejudicial. Evidence of insurance is generally not admissible. But evidence of insurance may be admitted to show bias, prejudice, agency, ownership or control. Federal Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise

>wrongfully.  But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

Fed.R.Evid. 411.  In addition, evidence of insurance may be admitted if the defendant opens the door to the issue by putting its ability to pay into issue.  *See e.g. Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 413 (S.D.N.Y. 2003).  At this stage, however, Plaintiffs have not identified any potential basis for admitting evidence of insurance.  Defendant's motion is therefore, **GRANTED**.

The Court notes that rulings on motions in limine are provisional and "are not binding on the trial judge [who] may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984).  Accordingly, the Court may readdress the admissibility of any insurance evidence as necessary at trial.

>    **B.    O'Brien's Non-Party Biological Son**

Defendant argues the Court should preclude any reference to O'Brien's non-party biological son.  Defendant states that during the course of discovery it was disclosed that O'Brien may have had a second biological son named Kevin, who was adopted by other parents.  Kevin does not appear to be an heir to O'Brien, and is not a party to this case.  Plaintiffs concede Kevin is not a claimant, is not entitled

4

to damages. Plaintiffs further agreed at oral argument that evidence about Kevin should not be presented to the jury.

Accordingly, Defendant's motion is **GRANTED**.

## III. PLAINTIFFS' MOTIONS IN LIMINE AND TO BIFURCATE

Plaintiffs move to exclude any evidence, testimony or argument regarding the following: (1) any facts the officers were not aware of at the time of the incident; (2) results of the coroner's inquest; (3) evidence or references to issues relating to O'Brien's relationship with his son's mother; (4) evidence of prior drug and/or alcohol use; (5) prior criminal conduct and incarcerations; (6) prior chemical dependency treatment and mental health commitments; (7) suicide and/or death of other family members; (8) evidence of unrelated medical history; (9) evidence or prior reports of abuse made by O'Brien or any reference to a psychic; (10) references to "suicide by cop" and evidence of prior suicide attempts; (11) evidence about the circumstances of Keelin O'Brien's death; and (12) any evidence that O'Brien said "shoot, shoot, damnit" during his interactions with the officers. (Doc. 83.) Plaintiffs further move the Court to bifurcate the trial between liability and damages phases. Defendant opposes the motion. (Doc. 88.)

### A. Bifurcation

Plaintiffs argue the Court should bifurcate the issue of liability from compensatory damages to avoid the risk that prejudicial information may taint the

5

jury's consideration of liability.  Defendant opposes, arguing bifurcation is inappropriate.

Federal Rule of Civil Procedure 42 provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed.R.Civ.P. 42(b).  District courts have broad discretion to determine whether to bifurcate.  *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016). "It is clear that Rule 42(b) gives courts the authority to separate trials into liability and damages phases." *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993).  Bifurcation may be necessary where evidence relevant to compensatory damages has little relevance to liability, "but poses a significant risk of prejudice if presented before the jury makes a liability determination." *Brown v. Grinder*, 2019 WL 2337107, *1 (E.D. Cal. June 3, 2019).  The Ninth Circuit has cautioned that although courts are not required to "always, usually, or frequently" bifurcate liability from damages, bifurcation should be granted where "prejudicial evidence about the victim has little, and in large part no, relevance to the liability issue." *Diaz*, 840 F.3d at 603.

The Court finds bifurcating liability from compensatory damages is warranted in this case.  As discussed below, certain prejudicial evidence may be relevant to the issue of compensatory damages, such as O'Brien's educational

6

history, substance abuse history, prior arrests or convictions, relationship issues, and parenting issues. But such evidence has little relevance to liability, and carries the risk of unduly influencing the jury's determination of liability. Further, bifurcation is unlikely to prolong trial or require duplication of witnesses. Accordingly, the **GRANTS** Plaintiffs' request to bifurcate.

> **B.** **Facts the Officers Were Not Aware of at the Time of the Incident**

Plaintiffs argue the Court should preclude admission of any facts the officers were not aware of at the time of the incident during the liability phase of the trial. Plaintiffs contend the evidence is irrelevant to the jury's determination of liability for negligence under analogous excessive use of force case law. Defendants state they have no intention of arguing that the shooting was justified based on facts unknown to the officers at the time of the shooting. Defendants point out, however, that Plaintiffs' motion is overly broad and does not specifically identify the evidence they seek to exclude.

Here, Plaintiffs allege the officers breached their duty of care by using excessive force. Thus, the standard of objective reasonableness used in Fourth Amendment claims are instructive in this case. The objective reasonableness of an officer's use of force is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Thus, generally only evidence that bears on the

circumstances of which the officer was aware when using force is relevant. *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1233 (9th Cir. 2013). But "where what the officer perceived just prior to the use of force is in dispute, evidence that may support one version of events over another is relevant and admissible." *Boyd v. City & Cty. of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009).

      Plaintiffs' motion falls short of the specificity required for a motion in limine. Rather than identifying evidence they seek to exclude, Plaintiffs list several facts that the officers were purportedly aware of at the time of the shooting, and argue the Court should preclude the admission of any other facts not outlined in their brief.[1] (Doc. 84 at 12-14.) The Court finds this type of broad request would require the Court to "'rule in a vacuum' on the admissibility of evidence." *Acad. of Motion Picture Arts & Scis.*, 2015 WL 12697750, *2 (C.D. Cal. April 10, 2015). Without a specific objection to specific evidence, the Court is unable to fairly evaluate and rule on Plaintiffs' motion. Accordingly, the Court cannot find the evidence is clearly inadmissible on all potential grounds at this time. Plaintiffs may object to specific evidence at trial, and the Court will determine the

---

[1] Plaintiffs include a summary of the dispatcher's statements in their outline of known facts, and argue the dispatcher's statements are hearsay. (Doc. 84 at 12, n.2.) Plaintiffs, however, have not moved *in limine* to exclude these statements. Plaintiffs clarified at the hearing that they will object at trial if the evidence is offered.

admissibility of such evidence in light of the factual context in which it is offered. Plaintiffs' motion is therefore, **DENIED without prejudice.**

### C. Results of the Coroner's Inquest

The parties agree that the result of the coroner's inquest should be excluded, but the inquest transcripts may be used for impeachment or other purposes such as to refresh a witness' memory under Fed.R.Evid. 612. Accordingly, Plaintiff's motion is **GRANTED** as to the results of the coroner's inquest **and DENIED** in all other respects.

### D. Evidence Relating to O'Brien's Relationship with his Son's Mother

Plaintiffs move to exclude evidence relating to fights, family violence, stalking and/or assault between O'Brien and his son's mother, Kimberly Crowell. Plaintiffs further argue evidence regarding child support issues and O'Brien's marital status should be precluded. Defendant contends this evidence is relevant to damages.

The Court agrees that evidence regarding O'Brien and Cromwell's relationship may be relevant to damages. It does not, however, appear relevant to liability. As such, evidence relating to O'Brien's relationship with Cromwell may not be presented in the liability phase of the trial. If necessary, the Court will determine the admissibility of such evidence in the damages phase in light of the

factual context in which it is offered.  Plaintiffs' motion is therefore, **GRANTED in part and RESERVED in part**.

      E.      **Evidence of Prior Drug and/or Alcohol Use**

Plaintiffs argue evidence of O'Brien's prior drug use should be excluded as irrelevant because the officers were not aware O'Brien was using drugs on the night of the shooting.  Plaintiffs further argue, that even if relevant, evidence of drug use should be excluded under Rule 404(b) and 403.  Defendant asserts the evidence is relevant to support the officer's assertions that O'Brien was acting erratically, taunting the police, and goading them to shoot him.  Plaintiffs counter, however, that Defendant does not have an expert to testify as to how methamphetamine or any other drug would make a person act.

The Ninth Circuit has recognized that courts may permit the introduction of evidence unknown to an officer, where what the officer perceived prior to the use of force is disputed.  *Boyd*, 567 F.3d at 944.  Nevertheless, courts generally exclude evidence of intoxication as unduly prejudicial.  *See e.g. Hayes*, 736 F.3d at 1233 (declining to "consider the fact that [the defendant] was intoxicated or that he previously used a knife in harming himself" in analyzing the objective reasonableness of the officers' conduct); *Estate of Diaz*, 840 F.3d at 602 (finding evidence of the decedent's drug use was irrelevant and unduly prejudicial); *Ramirez v. City of Gilroy*, 2020 WL 1492704, *1 (N.D. Cal. March 27, 2020)

(granting motion to exclude evidence of the decedent's past or present drug use, including a toxicology report showing evidence of drugs in his system at the time of his death); *Dominguez v. City of Los Angeles*, 2018 WL 6164278, *2 (C.D. Cal. Oct. 9, 2018) (finding evidence that there was marijuana in the decedent's system on the day he died was inadmissible).

Evidence regarding O'Brien's remote history of drug use and/or chemical dependency treatment is not relevant. The Court, however, lacks sufficient information to find the evidence that O'Brien had intoxicants in his system at the time of the shooting is inadmissible for any purpose. Ruling on Plaintiffs' motion is therefore, **RESERVED**. If necessary, the Court will determine the admissibility of such evidence in light of the factual context in which it is offered. The parties shall not present any evidence or argument at trial concerning O'Brien's drug or alcohol use until the Court has had an opportunity to address the issue outside of the presence of the jury.

### G.   Prior Criminal Conduct and Incarcerations

Plaintiffs seek to exclude all evidence relating to O'Brien's prior criminal conduct and incarcerations. Defendants assert such evidence may be relevant to causation.

The Court finds evidence relating to O'Brien's criminal history may not be presented in the liability phase of the trial. If necessary, the Court will determine

the admissibility of such evidence in the damages phase in light of the factual context in which it is offered.  Plaintiffs' motion is therefore, **GRANTED in part and RESERVED in part**.

### H. Prior Mental Health Commitments

Plaintiffs argue O'Brien's history of mental health treatment should be excluded as irrelevant and unduly prejudicial.  Defendants counter that Plaintiffs' theory of the case makes O'Brien's mental health history directly relevant.  Defendants point out that Plaintiffs have named a mental health behavior expert to provide opinions regarding the mental health and behavior of O'Brien during the events leading to his death, and a police practices expert who is expected to opine that the officers should have recognized that O'Brien was suffering a mental crisis and needed help.

To the extent Plaintiffs put O'Brien's mental health at issue, evidence related to his mental health may be relevant and admissible.  Accordingly, the Court will address the admissibility of this evidence in light of its factual context, if and when it is offered at trial.  Plaintiffs' motion is therefore, **RESERVED**.  The parties shall not present any evidence or argument at trial concerning O'Brien's mental health history until the Court has had an opportunity to address the issue outside of the presence of the jury.

/ / /

### I. O'Brien's Prior Reports of Physical, Sexual or Emotional Abuse

Plaintiffs argue the Court should exclude evidence of O'Brien's unrelated medical history, prior reports of abuse made by O'Brien, and any references to a psychic. Defendant asserts Plaintiffs' motion is overbroad and lacks specificity. Defendant further asserts that the evidence is relevant to causation and whether lesser action by the officers would have resulted in the peaceful restraint of O'Brien.

The Court finds evidence relating to O'Brien's unrelated medical history, reports of prior abuse, and references to a psychic may not be presented in the liability phase of the trial. If necessary, the Court will determine the admissibility of such evidence in the damages phase in light of the factual context in which it is offered. Plaintiffs' motion is therefore, **GRANTED in part and RESERVED in part**.

### J. Opinions Regarding "Suicide by Cop"

Plaintiffs argue any opinions related to "suicide by cop" should be excluded. Defendant counters that the theory of "suicide by cop" has been widely accepted and is relevant to causation in this case. Defendant, therefore, argues its expert, Mark Muir, should be permitted to testify regarding "suicide by cop" provided a proper foundation is laid.

Federal Rule of Evidence 702 controls the admissibility of expert opinion testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702.

"For expert testimony to be admissible under Rule 702, it must satisfy three basic requirements: (1) the expert witness must be qualified; (2) the testimony must be reliable, and; (3) the testimony must be relevant." *Johnson v. Am. Honda Motor Co. Inc.*, 923 F.Supp.3d 1269, 1272 (D. Mont. 2013). The trial court acts as a gatekeeper by excluding evidence that does not meet standards of relevance and reliability. *Id.* The proponent of the testimony bears the burden of establishing by a preponderance of the evidence that the testimony is admissible under Rule 702. *Lust v. Merrell Dow Pharm. Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Expert opinion testimony "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010). Assessing reliability requires the Court to consider whether the testimony reflects "scientific knowledge," whether the expert's findings were "derived by the scientific method," and whether the expert's work product was "good science." *Johnson*, 923 F.Supp.3d at 1272. The focus of the 702 inquiry "must be on the principles and methodology underlying an expert's testimony, not the conclusions." *Kennedy v. Collagen Corp.,* 161 F.3d 1226, 1228 (9th Cir. 1998).

In *Daubert*, the Supreme Court listed the following nonexclusive factors that a court may also consider in assessing reliability: "(1) whether a theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) the known or potential error rate of the theory or technique; and (4) whether the theory or technique enjoys general acceptance with the relevant scientific community." *W.R. Grace*, 455 F.Supp.2d at 1187 citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993). These factors are not determinative, and "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co., LTD. V. Carmichael*, 526 U.S. 137, 150 (1999).

The Court finds it is appropriate to conduct a *Daubert* hearing on this issue. The hearing will be set by separate order.

### K.     Evidence About Prior Suicides in the O'Brien Family

Plaintiffs move to exclude evidence about prior suicides in the O'Brien family.  Defendants argue Plaintiffs motion lacks specificity, and that prior suicide attempts may be relevant to causation.

At this point, the Court is without sufficient information to determine the potential relevance of this evidence, which has not been specifically identified. Accordingly, the Court will address the admissibility of this evidence in light of its factual context, if and when it is offered at trial.  Plaintiffs' motion is therefore, **RESERVED**.

### L.     Circumstances Surrounding Keelin O'Brien's Death

Plaintiffs move to exclude evidence about the circumstances of Keelin O'Brien's death.  Defendants assert the fact of Keelin O'Brien's death is relevant to the issue of damages.  Defendants state that Keelin O'Brien died as a result of illegal drug activity, and the jury should be given some information about how he died.

The Court finds evidence about the circumstances of Keelin O'Brien's is not relevant, and may not be presented in the liability phase of the trial.  If necessary, the Court will determine the admissibility of such evidence in the damages phase

in light of the factual context in which it is offered.  Plaintiffs' motion is therefore, **GRANTED in part and RESERVED in part**.

### M. Alleged Statement that O'Brien Stated "Shoot, Shoot, Damnit"

Finally, Plaintiffs move to preclude any claim by the officers that O'Brien said "shoot, shoot, damnit" during the incident.  Defendant asserts this is a disputed fact, and Plaintiffs may not obtain a pretrial determination of disputed facts.

Motions in limine may not be used to resolve factual disputes or weigh evidence.  *C & E Services, Inc.*, 539 F.Supp.2d at 323.  The officers may testify as to their perception and memory of the events surrounding the incident.  Accordingly, Plaintiffs' motion is **DENIED**.

DATED this 7th day of June, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge