IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana,<br><br>Defendant. | CV 18-106-BLG-SPW-TJC<br><br>**ORDER** |

Plaintiff has filed a Motion for Remand, asking the Court to exercise its discretion to remand this case to state court. (Doc. 152.) Defendant opposes, arguing remand is not appropriate. The Court agrees. Plaintiff's Motion for Remand is therefore, **DENIED**.

## I.   BACKGROUND

Plaintiff chose this forum by filing this action in federal court on July 11, 2018. (Doc. 1.) Plaintiff asserted claims under 42 U.S.C. § 1983 as well as claims under Montana state law. Following disposition of Defendants' Motion for Summary Judgment, only the state law claims for negligence, survivorship and wrongful death remained. (Docs. 59, 66.) The Court retained supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, without objection from the parties. The case was then tried to before a 7-person jury, and

ended in a mistrial due to the jury's inability to return a unanimous verdict.

Plaintiff speculates that the unanimous verdict requirement under Federal Rule of Civil Procedure 48 will likely result in another hung jury upon retrial. Plaintiff argues that because the state court system does not require a unanimous verdict, it is more likely a trial in state court will result in a final verdict. Plaintiff, therefore, requests the Court remand the case to state court under 28 U.S.C. 1367(c)(3) and 28 U.S.C. § 1447(c).

## II.   DISCUSSION

Because this case was originally filed in federal court, the Court lacks the authority to remand it to the state court system. A federal court may only issue an order to remand in a "case *removed* from a State court. . . ." 28 U.S.C. § 1447(a) (emphasis added). *See e.g. Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir. 1993) (reversing district court's order remanding a consolidated case, and explaining "the district court should have remanded the removed case to state court and dismissed the case [plaintiff] originally filed in federal court"); *Harbord v. Bean*, 2017 WL 2081072, *1 (W.D. Wash. May 15, 2017), *affirmed*, 2017 WL 6345784 (9th Cir. Oct. 12, 2017) ("[T]his Court lacks the authority to remand a case that originated in federal court."); *Fuse v. Arizona Bd. of Regents*, 2009 WL 837645, at *1 (D. Ariz. Mar. 27, 2009) ("[W]e cannot remand plaintiff's claims to state court because this action was originally filed in

federal court.").

The cases cited by Plaintiff do not compel a different result because all of those cases had been filed in state court and removed to federal court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 204 (9th Cir. 1991); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 999 (9th Cir. 1997) (en banc); *Romero v. Nevada Dep't of Corr.*, 2014 WL 4828802, at *8 (D. Nev. Sept. 30, 2014). Accordingly, the Court cannot remand this action under 28 U.S.C. 1447(c).

Although the Court does not have authority to remand this action to state court, it may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) and dismiss the case. Federal courts may decline to exercise supplemental jurisdiction over state law claims if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Whether to exercise supplemental jurisdiction is within the discretion of the district court, and should be informed by the values of economy, convenience, fairness, and comity. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Here, the Court finds it is in the interest of "economy, convenience, fairness and comity" for this action to remain in federal court. *Id.* Although the federal claims were eliminated prior to trial, Plaintiff agreed to the Court's continued jurisdiction and the Court and parties expended considerable time and resources in the trial of this matter. The retrial is scheduled to begin in less than a month. If this action were to be dismissed, Plaintiff would have to refile the case in state court, and begin the process anew. Although the Court understands Plaintiff's concerns about the risk of a repeated hung jury, the Court does not find Plaintiff's newfound preference for the state court system is an adequate reason to decline supplemental jurisdiction at this late stage. Considering the amount of judicial time and energy already invested in this case, and the amount of additional time and resources that would be necessary to start this case over in a new forum, the Court finds it would be unjust to dismiss the case.

Accordingly, the Court will continue to exercise supplemental jurisdiction under § 1367 over Plaintiff's state law claims. Plaintiff's Motion for Remand (Doc. 152) is, therefore, **DENIED**.

DATED this 19th day of July, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge