IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN, | CV  18-106-BLG-TJC |
| Plaintiff, | **ORDER** |
| vs. | |
| CITY OF LIVINGSTON, a political subdivision of the State of Montana, | |
| Defendant. | |

The Final Pretrial Conference was held in this matter on August 9, 2021.
The Court heard argument on Defendant's Additional Motions in Limine for
Retrial (Doc. 149) and Plaintiff's Motions in Limine (Doc. 154) at that time.  For
the reasons stated on the record, IT IS ORDERED as follows:

1.      Defendant's motion to exclude photographs of Sean O'Brien is
**RESERVED**.  Counsel shall not publish any photographs to the jury unless they
are first offered and received into evidence.  For any material intended to be used
in opening statements or final argument for demonstrative purposes only, counsel
shall confer with opposing counsel and obtain permission from the Court prior to
publishing the material to the jury.

2.      Defendant's motion to exclude testimony from Ernest Burwell that
O'Brien was peaceful and well-behaved in Shopko is **GRANTED in part and**

**RESERVED in part**.  Defendant's motion is granted as to testimony about O'Brien's demeanor and behavior at Shopko prior to the night in question, and reserved as to O'Brien's interactions at Shopko on the night of the shooting.

3.      Defendant's motion with regard to Robin Larson's characterization of the O'Brien family is **RESERVED**.  Plaintiff is cautioned, however, that any characterization of the family and how it functioned may open the door for Defendant to present other evidence about the nature and status of O'Brien's family relations.

4.      Defendant's motion to admit evidence of O'Brien's failure to take his prescribed medications is **DENIED**.  At the Final Pretrial Conference, the Court initially indicated it would reserve ruling on the motion.  But after further review of the parties briefing, Defendant's offer of proof and relevant case law, the Court finds the motion should be denied.

The Court finds Defendant's offer of proof is deficient because it fails to establish which provider prescribed the medications, when the medications were prescribed, what condition they were prescribed for, if the medications were part of O'Brien's medication regimen at the time of the shooting, whether O'Brien knew the effect of not taking the medications and his understanding of any risk of not taking them.  The Court further finds *Baldwin v. City of Omaha*, 607 N.W.2d 841 (Neb. 2000), cited by Defendant, does not compel a different result.  In *Baldwin*,

the plaintiff's failure to take prescribed psychiatric medication was determined by the Nebraska Supreme Court to be evidence of his comparative fault. *Id.* at 854-55. But unlike this case, there was ample evidence in *Baldwin,* including testimony from his treating psychiatrist, that the plaintiff was aware of his potential for dangerousness, reasonably understood the prescribed drug regimen, and fully appreciated the risks of noncompliance. *Id.* at 851-55.

5.     Defendant's motion to admit evidence of O'Brien's blood alcohol and methamphetamine levels through a toxicology report is **DENIED**. In *Hayes v. County of San Diego*, 736 F.3d 1223 (9th Cir. 2013), the daughter of a man shot by sheriff's deputies filed suit alleging claims under § 1983 and California state law for negligent wrongful death. In considering the negligence claim, the Ninth Circuit held that the court was precluded from considering the fact the decedent was intoxicated or that he had previously used a knife in harming himself in assessing the reasonableness of the deputies' conduct. The Ninth Circuit explained that "[c]laims of excessive force under California law are analyzed under the same standard of objective reasonableness used in Fourth Amendment claims." *Id.* at 1232. The court noted that "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* Therefore, the Ninth Circuit concluded it could only consider the circumstances of which the deputies were aware when they

used deadly force.  *Id.*

Montana law on negligence claims against law enforcement officers is similar to California.  As in California, negligence claims against law enforcement officers under Montana law are analyzed under an objective reasonableness standard.  *See Bassett v. Lamantia*, 417 P.3d 299, 311 (Mont. 2018) (explaining the standard of care an officer owes to a person directly injured by the officer's affirmative acts "is the care that a reasonable officer with similar skill, training, and experience would exercise under the same or similar circumstances").  As such, the Court finds *Hayes* is persuasive authority.

As Defendant points out, however, *Hayes*, did not directly address contributory negligence or whether evidence of intoxication may be relevant and admissible on that issue.  The Court, therefore, recognizes that *Hayes* does not foreclose a finding that evidence of intoxication is potentially relevant to the issue of O'Brien's contributory negligence.

Nevertheless, the Court finds any probative value of the toxicology report and O'Brien's blood alcohol and methamphetamine levels is substantially outweighed by the risk of unfair prejudice and misleading the jury in this case.  Fed. R. Evid. 403.  There is no significant dispute in this case as to what occurred during O'Brien's confrontation with the law enforcement officers.  Almost the entire interaction can be observed on video from the dash cameras on the officer's

4

vehicles.  Therefore, this is not a situation where evidence of intoxication may tend to support one version of events over another.  See e.g., *Boyd v. City and County of San Francisco*, 576 F.3d 938, 944 (9th Cir. 2009) ("where what the officer perceived just prior to the use of force is in dispute, evidence [not known to the officer] that may support one version of events over another is relevant and admissible.")  The jury can evaluate O'Brien's actions and assess the reasonableness of his conduct based on the video evidence.  The reason *why* O'Brien may have acted as he did has little probative value relative to all of the facts and circumstances surrounding the shooting.

Additionally, the Court has previously ordered that the trial of this case be bifurcated on the issues of liability and damages.  This was necessary because certain prejudicial evidence may be relevant to the issue of compensatory damages but have little or no relevance to liability.  Under the Ninth Circuit's guidance in *Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 603 (9th Cir. 2016), it was determined that bifurcation is appropriate.  This resulted in the exclusion of O'Brien's lengthy history of mental health illness from the liability phase of the trial, which may also have been a significant contributing factor in O'Brien's conduct at the time of the shooting.  Indeed, Defendant's expert psychologist, Dee Woolston, Ph.D, testified during a *Daubert* hearing (Doc. 188) that it is very difficult for even a trained professional to determine whether conduct is caused by

intoxication or mental illness.  Consequently, allowing evidence of drug and alcohol use, while excluding other evidence which may explain O'Brien's conduct, poses a substantial risk of misleading the jury.

Therefore, the Court finds that any probative value of evidence of O'Brien's drug or alcohol use is substantially outweighed by the risk of unfair prejudice and misleading the jury, and shall be excluded in the liability phase of the trial under Fed. R. Evid. 403.

6.      Plaintiff's motion to exclude any reference to the 9/11 terrorist attack or the use of box cutters by terrorists is **RESERVED**.  The parties shall not present any evidence or argument at trial concerning the 9/11 terrorist attack or the use of box cutters by terrorists until the Court has had an opportunity to address the issue outside of the presence of the jury.

7.      Plaintiff's motion to exclude any speculation about what O'Brien could or might have done is **DENIED**.  Evidence regarding what the officers observed and the potential risks they perceived is relevant and may be considered by the jury in determining the reasonableness of the officer's conduct.

8.      Plaintiff's motion to exclude any reference to a "plan" by O'Brien is **RESERVED**.  The Court previously excluded evidence of "suicide by cop." Accordingly, counsel may not attempt to circumvent the Court's ruling by referencing "suicide by cop" without using that language.  Nevertheless, witnesses

may testify to what they observed O'Brien say and do, and counsel may comment on that evidence without arguing that O'Brien planned to cause his own death.

DATED this 12th day of August, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge