IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ESTATE OF SEAN PATRICK O'BRIEN,<br><br>             Plaintiff,<br><br>vs.<br><br>CITY OF LIVINGSTON, a political subdivision of the State of Montana,<br><br>             Defendant. | CV  18-106-BLG-TJC<br><br><br>**ORDER** |

  Presently before the Court is Plaintiff's Motion for Rule 59 Relief.  (Doc. 224.)  This matter was tried to a jury twice.  The first trial ended in a hung jury, and the second resulted in a verdict finding Sean Patrick O'Brien and the City of Livingston both negligent, and assigning 49% fault to the City and 51% to O'Brien.  Plaintiff now requests the Court order a new trial under Rule 59(a), or amend the judgment pursuant to Rule 59(e), because the evidence introduced at trial regarding the use of the Taser was manifestly contrary to the jury's verdict.  Defendant opposes the motion, arguing the verdict is supported by substantial evidence.  (Doc. 226).  The Court agrees with Defendant.

  Federal Rule of Civil Procedure 59(a) authorizes this Court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal

court." Fed. R. Civ. P. 59(a)(1)(A).  "Rule 59 does not specify the grounds on which a motion for a new trial may be granted" but instead binds federals courts to "those grounds that have been historically recognized." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007).  Historically recognized grounds for a new trial include a determination that "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999) (citation omitted).  A court considering a motion for a new trial "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).  Nevertheless, the "jury's verdict must be upheld if supported by 'substantial evidence.'" *Bailey v. Cty. of Riverside*, 414 F.3d 1023, 1024 (9th Cir. 2005).  "Substantial evidence is evidence adequate to support the jury's conclusion, even it if is possible to draw a contrary conclusion from the same evidence." *Id.*

Having presided over the trial of this matter, and considering all the evidence, the Court is certainly not left with "the definite and firm conviction" that the jury's verdict was clearly contrary to the weight of the evidence. *Landes Const. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987).

Regarding Officer Engle's use of the Taser, there was substantial evidence presented at trial to support the jury's conclusion that O'Brien's negligence outweighed that of the City.  Testimony was presented that Officer Engle responded to a call about a man who made threatening statements inside Shopko, who might be armed with a gun, and who was reportedly hiding in the bushes outside the store.  When Officer Engle arrived at Shopko, O'Brien began moving towards Officer Engle.  Officer Engle described O'Brien as charging at him.  A witness described O'Brien as moving in a "fast walk" with "heavy steps."  O'Brien did not respond to Officer Engle's commands to "stop."  A dashcam video, which was taken from a distance, captured part of the interaction between O'Brien and Officer Engle.  The video was shown repeatedly to the jury, and the witnesses were questioned extensively about the content of the video, including the moment the Taser was discharged.  Expert witness testimony was also presented by both sides, with the defense experts stating that the Taser use was justified and that Officer Engle acted within policy.  Accordingly, although it may be possible to draw a different conclusion from the evidence than that reached by the jury, the Court cannot find that no reasonable juror could have reached the verdict in this case.  Thus, a new trial on based on the weight of the evidence is denied.

      Plaintiff alternatively asks the Court to amend the judgment pursuant to Rule 59(e).  This request is denied.  Rule 59(e) authorizes the Court to "alter or

amend" a judgment. However, relief under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Indeed, courts generally will not grant a Rule 59(e) motion in the absence of "newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (citation and internal quotation marks omitted). Here, the only basis to amend the judgment would be for "clear error," which the Court has not found.

    Accordingly, Plaintiff's Motion for Rule 59 Relief is **DENIED**.

DATED this 4th day of November, 2021.

                                                          _____
                                                     TIMOTHY J. CAVAN
                                                     United States Magistrate Judge